**In re: ESTATE OF Anna CHERWINSKI, Deceased.**

**Appeal of: Diane L. Trigilia.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 2004.

Filed Aug. 4, 2004.

Edward C. Greco, Kulpmont, for appellant.

Jeffrey P. Edmunds, Sunbury, for appellee.

Before: DEL SOLE, P.J., JOYCE and KLEIN, JJ.

DEL SOLE, P.J.

¶ 1 Diane Trigilia appeals from the court order directing her to return certain assets and pay a sum of $37,544.74 to her mother's estate. Upon review, we affirm.

¶ 2 Anna Cherwinski (Decedent) died November 9, 1995, leaving no spouse and five children: Anthony, James, Frederick, Dennis and Diane. Following Decedent's death, Diane (Appellant) administered the Decedent's Estate without authorization from the court until June 27, 1997. Appellant acknowledged that she administered the Estate of the Decedent without court authority following Decedent's death.

¶ 3 On June 27, 1997, Appellant was appointed the personal representative of the Estate, after which time she administered the Estate with court authorization until her resignation on June 9, 2000. Her last act as personal representative was filing a Formal Account and Schedule of Distribution on June 5, 2000.

¶ 4 Frederick and Dennis each filed objections to the Account on July 10, 2000. In December of 2000, Dennis filed a Petition to Turn Over Assets consisting of $12,000.00 and other personal property. After a hearing on the objections to the Account, the court appointed Dennis, the Petitioner, as the personal representative of the Estate on August 11, 2000. On August 8, 2001, upon stipulation of the parties, the court ordered Appellant to turn over a crystal chandelier and deposit $12,000.00 into an escrow account held jointly between counsel for Dennis and Diane.

¶ 5 An order was entered on February 3, 2003, which surcharged Appellant the sum of $37,544.74, with a credit in the amount of $12,000.00 for money previously deposited into the escrow account, result-ing in Appellant being required to pay the Estate a total of $25,544.74. Additionally, the Order directed Appellant to return various personal property to the Representative of the Estate and to have the Estate file turned over to Dennis. Appellant filed the present appeal.

¶ 6 On appeal, Appellant presents the following issues for our review:

A. Did the Lower Court commit an error of law and/or a manifest abuse of discretion by concluding that Appellant breached her fiduciary duties?

B. Did the Lower Court commit an error of law and/or a manifest abuse of discretion by wrongfully concluding that assets were misappropriated by the Executrix?

C. Did the Lower Court commit an error of law and/or a manifest abuse of discretion by not finding that the personal representative committed perjury in his testimony?

D. Did the Lower Court commit an error of law and/or a manifest abuse of discretion where the records [sic] does not support drastic action of surcharging the former personal representative?

Appellant's Brief at 2.

¶ 7 Before we address Appellant's issues, we must first determine whether the trial court order in this case is a final order subject to our review. We may raise the issue of appealability *sua sponte* because it affects our jurisdiction over the case. *See In re Estate of Borkowski*, 794 A.2d 388, 389 (Pa.Super.2002).

¶ 8 An appeal must be taken from a final order. *Borkowski*, 794 A.2d at 389. Under Pa.R.A.P. 341, an order is final if it disposes of all claims and all parties. In a decedent's estate, generally the confirmation of the final account of the personal representative represents the fi-

nal order, subject to exceptions being filed and disposed of by the court. *Id.* at 390.[1]

¶ 9 Here we are confronted with an order imposing a surcharge on the personal representative of an estate. The Pennsylvania Supreme Court has stated that in estate cases where a decree orders the executor to charge himself in the account with a specified sum, this being equivalent to a surcharge, that decree is appealable. *In re Williams' Estate,* 338 Pa. 98, 12 A.2d 103, 105 (1940); *see also In re Estate of Donsavage,* 420 Pa. 587, 218 A.2d 112, 116 (1966). Additionally, this Court has addressed the merits of appeals from orders imposing, or denying requests for imposition of, a surcharge in estate cases. *See In re Estate of Schultheis,* 747 A.2d 918 (Pa.Super.2000); *In re Estate of Harrison,* 745 A.2d 676 (Pa.Super.2000); *In re Estate of Campbell,* 692 A.2d 1098 (Pa.Super.1997); *In re Estate of Geniviva,* 450 Pa.Super. 54, 675 A.2d 306 (1996); *In re Shahan,* 429 Pa.Super. 91, 631 A.2d 1298 (1993).[2]

¶ 10 Thus, we find that an order imposing a surcharge on the personal representative of an estate is final as between the estate and the personal representative and is subject to immediate appeal. Therefore, we will address the merits of Appellant's claims.

¶ 11 Our standard of review is well-settled in cases involving review of an orphans' court decision:

The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence. However, we are not limited when we review the legal conclusions that Orphans' Court has derived from those facts.

*In re Estate of Schultheis,* 747 A.2d 918, 922 (Pa.Super.2000).

¶ 12 Upon review of Appellant's claims, the parties' briefs, the record, and applicable law, we find that the opinion of the orphans' court effectively addresses and disposes of Appellant's first, second and fourth issues. Thus, we adopt the opinion of the orphans' court to the extent that it addresses those issues and find that the orphans' court neither committed an error

1. A related rule, Pa.R.A.P. 342, provides for the appealability of orders that determine "an interest in realty, personalty, the status of individuals or entities or an order of distribution not final" under other provisions of the Rules. Pa.R.A.P. 342. Under this Rule, such an order "shall constitute a final order upon a determination of finality by the Orphans' Court Division." Because the order imposing a surcharge does not fall within the enumerated categories, and because the order itself is final, we find that Rule 342 does not govern this matter.

2. We also note that it is only practical that an order imposing a surcharge be immediately appealable. If such an order was not final and appealable, and the surcharged amount paid to the estate by the representative was in error, then the error may be impossible to correct if addressed after the estate has been distributed.

of law nor abused its discretion in deciding these issues.

¶ 13 In her third claim, Appellant argues that the orphans' court erred or abused its discretion by not finding that Dennis committed perjury in his testimony. Appellant's Brief at 9. Accordingly, Appellant argues that Dennis' testimony should not have been deemed credible by the orphans' court. *Id.*

¶ 14 Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. *In re Estate of Harrison,* 745 A.2d 676, 678 (Pa.Super.2000). The orphans' court found that within six months of his appointment as personal representative, Dennis cleaned and sold the real estate. Trial Court Opinion, 2/5/03, at 3. This was a feat that Appellant could not accomplish during the five years she administered the Estate. We find that the orphans' court's determinations are supported by competent and adequate evidence and we will not disturb on appeal its credibility determination on this basis.

¶ 15 Order affirmed.

¶ 16 Dissenting Opinion filed by Joyce, J.

JOYCE, J., Dissenting.

¶ 1 Upon my review, I cannot agree with the distinguished Majority's conclusion that an order imposing a surcharge constitutes a final and appealable order when entered prior to the confirmation of the final accounting and schedule of distribution. Accordingly, I dissent.

¶ 2 In this Commonwealth, an appeal may only be taken from: "1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right, 3) an interlocutory order by permission; or 4) a

collateral order." *Morgan Trailer Mfg., Co. v. Hydraroll, Ltd.,* 804 A.2d 26, 29 (Pa.Super.2002). An order is not final unless it disposes of all claims and of all parties, is specifically defined as final by statute or is expressly determined to be final by the trial court. *See* Pa.R.A.P. 341; *In re Estate of Quinn,* 805 A.2d 541 (Pa.Super.2002); *In re Estate of Borkowski,* 794 A.2d 388, 389 (Pa.Super.2002); *In re Estate of Sorber,* 803 A.2d 767, 768 (Pa.Super.2002). In a decedent's estate, the confirmation of the final account of a personal representative represents the final order, subject to exceptions being filed and disposed of by the court." *Borkowski,* 794 A.2d at 389 (citing 20 Pa.C.S. § 3514).

¶ 3 In the instant case, the record reveals that Appellant, during her tenure as the estate's personal representative, filed a formal account and schedule of distribution. Additionally, two of Appellant's brothers filed exceptions to this accounting, and the trial court held a hearing on the exceptions. The record further reveals that, three years after this hearing, the trial court entered an order surcharging Appellant the sum of $25,544.74 and directing Appellant to turn over certain property and the estate file as a result of her mismanagement of the estate. Nevertheless, the record does not reveal that the trial court ever entered an order confirming the final account and approving the proposed distribution.

¶ 4 As the record indicates that the estate remains under administration, I cannot conclude that the trial court's entry of an order imposing a surcharge disposes of all claims and of all parties. *See* Pa.R.A.P. 341(b)(1). Neither have I found a statute which renders the instant order final by statutory definition. *See* Pa.R.A.P. 341(b)(2). Additionally, the trial court has not made an express determination that an immediate appeal would facilitate a resolu-

tion of the entire case. *See* Pa.R.A.P. 341(b)(3). Therefore, I cannot conclude that the instant order qualifies as a final and appealable order.

¶ 5 The Majority, however, relies on two Supreme Court cases for the proposition that the entry of an order imposing a surcharge constitutes a final and appealable order. *See In re Williams' Estate,* 338 Pa. 98, 12 A.2d 103 (1940); *In re Estate of Donsavage,* 420 Pa. 587, 218 A.2d 112 (1966). While I agree with the Majority's interpretation of these decisions, I question the continuing validity of their holdings since each of the cases predated the stringent requirements for finality outlined in Rule 341. In *Bell v. State Farm Mut. Automobile Ins. Co.,* 430 Pa.Super. 435, 634 A.2d 1137, 1138 (1993), our Court explained the effect and purpose of the amendment:

> Prior to the amendments to Pa. R.App.P. 341 (effective July 6, 1992), the law … required that a case-by-case approach be applied in deciding if the issue(s) appealed should be labeled interlocutory or final. It spawned a patchwork of decisions which, instead of fostering jurisprudential law, caused a proliferation of appeals by those practitioners who did not want to be caught in the web of the waiver doctrine or statute of limitations (uncertain as to its finality aspect) in a timely fashion. This result was the direct opposite from that intended by our Supreme Court in *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978), and *Tagnani v. Lew,* 493 Pa. 371, 426 A.2d 595 (1981).
>
> However, with the formulation of the amendments to Rule 341, generated by the Appellate Rules Committee and approved by our Supreme Court, a semblance of structure and uniformity of the application of a standard for evaluating premature appeals was put into place. Now it is stated in clear and unequivocal terms, counseling against piecemeal litigation, that a final order is any order that disposes of all claims or of all parties, save in those instances in which the trial court enters an order as to one or more but fewer than all the claims or parties and expressly determines that an immediate appeal would facilitate resolution of the entire case. *See* Rule 341(b)(1), (c).

*Id.* As we emphasized in *Bell,* Rule 341 now provides this Court with the framework for determining whether an order of the trial court constitutes a final order. As the instant order does not meet any of these criteria, I cannot agree with the Majority's assessment that the instant order is final.

¶ 6 Additionally, I do not find our decisions in *In re Estate of Schultheis,* 747 A.2d 918 (Pa.Super.2000), *In re Estate of Harrison,* 745 A.2d 676 (Pa.Super.2000), *In re Estate of Campbell,* 692 A.2d 1098 (Pa.Super.1997), *In re Estate of Geniviva,* 450 Pa.Super. 54, 675 A.2d 306 (1996), and *In re Shahan,* 429 Pa.Super. 91, 631 A.2d 1298 (1993) dispositive of the issue of whether an order imposing a surcharge is a final order. None of these cases explores whether an order imposing a surcharge qualifies as a final order under Rule 341, and none offers any explanation for the basis upon which our Court found the order appealable.[3]

---

**3.** In fact, our Court's silence on the issue of appealability in these cases does not even permit me to venture whether these cases were correctly or incorrectly decided. Although our Court did not expressly state, the orders imposing surcharge in these cases may have been accompanied by a certification of finality. Since we cannot ascertain the basis for these decisions, and as each of these cases was decided after the amendment to Rule 341, an *en banc* review of these cases, in the context of the present case, is mandated.

¶ 7 Furthermore, I do not find that the instant order qualifies as a final order pursuant to Rule 342 because it was not accompanied by a determination of finality by the Orphans' Court. *See* Pa.R.A.P. 342. Moreover, the instant order does not qualify as an interlocutory order appealable as of right or an interlocutory order appealable by permission. *See* Pa.R.A.P. 311 and 312.

¶ 8 Finally, I do not find that the instant order qualifies as a collateral order under Rule 313. To constitute a collateral order, the order must be separable and collateral from the main cause of action, must involve a right too important to be denied review, and must involve a claim that would be irreparably lost if the litigation proceeded to final judgment. *See* Pa. R.A.P. 313. Upon my review, I find no basis to conclude that Appellant's ability to challenge the propriety of the surcharge would be irreparably lost once the trial court entered an order confirming the final distribution. Although the Majority expresses some concern that an error in an order imposing a surcharge "may be impossible to correct if addressed after the estate has been distributed", *see* Majority Opinion, at 167 n. 2, I cannot agree with this assessment. As the instant surcharge order only requires that Appellant return certain personal property and the sum of $25,544.74 to the Estate, nothing prohibits Appellant from challenging the order imposing surcharge upon the trial court's confirmation of the distribution. To protect these assets, Appellant may file an application for a stay of the order of distribution pending the resolution of her appeal. *See* Pa.R.A.P. 1732. Otherwise, to follow the Majority's rationale to its logical conclusion, no party could ever await the entry of a final decree confirming an order of distribution prior to challenging an accounting or proposed schedule of distribution on appeal.

¶ 9 For the foregoing reasons, I do not find that the February 3, 2003 order of the Orphans' Court imposing a surcharge upon Appellant constitutes an immediately appealable order. Accordingly, I dissent.