J. A32011/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN RE: TRUSTS UNDER THE WILL OF      :      IN THE SUPERIOR COURT OF
ROBERT L. MONTGOMERY, JR., DEC.      :              PENNSYLVANIA
                                     :
                                     :
                                     :
                                     :
                                     :
                                     :
                                     :
APPEAL OF: H. BEATTY CHADWICK        :
                                     :      No. 1453 EDA 2016

Appeal from the Order Entered May 4, 2016
In the Court of Common Pleas of Montgomery County
Orphans' Court at No(s): No. 1977-X0448

BEFORE: DUBOW, RANSOM AND PLATT[*], JJ.

MEMORANDUM BY DUBOW, J.:                      **FILED FEBRUARY 28, 2017**

Appellant, H. Beatty Chadwick, appeals from the May 4, 2016 Order

entered in the Montgomery County Orphans' Court denying Appellant's

Exceptions to the Adjudications of two testamentary trusts ("Trust 6" and

"Trust 7"), of which Appellant is the lifetime beneficiary.  We affirm.

The full factual and procedural history in the instant case is long,

torturous, and infamous.[1]  Appellant's instant averments are merely "the

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] After moving millions of dollars overseas during the pendency of his divorce, and refusing to comply with orders to return the funds, Appellant served 14 years in prison for "what [is] believed to be the longest imprisonment on a civil contempt charge in United States History."  ***Lawyer is Released After Serving Over 14 Years on Civil Contempt Charge***, N.Y. Times, July 11, 2009, *available at* http://www.nytimes.com/2009/07/12/us/12contempt.html.

latest installment of a decades-old divorce proceeding that has attracted national attention and has spawned litigation in the Pennsylvania, Maine, Delaware, and federal courts." ***Chadwick v. Chadwick***, No. 3275 EDA 2009, unpublished memorandum at 1 (Pa. Super. filed May 1, 2012) (Shogan, J., dissenting) (quotation omitted). The parties are well versed in the intimate details and we, therefore, briefly summarize as follows.

Appellant is the lifetime beneficiary of Trust 6 and Trust 7. Since 1994, both trusts have been subject to an attachment Order issued by the Delaware County Court of Common Pleas ("DCCCP") to satisfy Appellant's substantial outstanding alimony *pendente lite* ("APL") obligation to his now ex-wife ("Ex-Wife").

On June 27, 2014, Appellees, PNC Bank, N.A., and Neil E. Cass, then acting as trustees of Trust 6 and Trust 7, filed accountings of the trusts ("Accounts"). Appellant responded to Appellees' accountings by filing Objections, in which he disputed Appellees' claims for attorney's fees and sought an Order surcharging Appellees for (i) overpaying Appellant's outstanding APL obligation to his former wife out of income from the trusts; and (ii) failing to produce adequate income through the investment and management of the trusts.

On February 24, 2016, after a hearing, the Orphans' Court confirmed the Accounts and dismissed Appellant's Objections. Appellant timely-filed

Exceptions. In an Order filed on May 4, 2016, the Orphans Court, sitting *en banc*, denied Appellant's exceptions.

Appellant timely appealed. Both Appellant and the Orphans' Court complied with Pa.R.A.P. 1925.

Appellant presents the following three issues on appeal:

1. Whether the court below erred by omitting to surcharge the trustees for the failure to distribute income from the trusts to the income beneficiary once the income beneficiary's obligation to pay support had been satisfied?

2. Whether the court below erred by dismissing a claim to surcharge the trustees for the failure to invest the funds of the trusts, or to so account for income and principal, as to produce annual income equal to the unitrust amounts specified in the provisions of the trusts?

3. Whether the court below erred by allowing the trustees to recover expenses from the trusts?

Appellant's Brief at 37.

"Our standard of review is well-settled in cases involving [] an [O]rphans' [C]ourt decision." *In re Estate of Cherwinski*, 856 A.2d 165, 167 (Pa. Super. 2004). As we have explained:

The findings of a judge of the [O]rphans' [C]ourt division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the Orphans' Court's findings, our task is to ensure that the record is free from legal error and to determine if the Orphans' Court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and

credible evidence. However, we are not limited when we review the legal conclusions that Orphans' Court has derived from those facts.

*Id.* (citation omitted).

## APL Payments

In his first issue, Appellant avers that Appellees violated their fiduciary duty by failing to make income distributions to him as required. He asserts that Appellees improperly continued to divert income from the trusts to Ex-Wife even after his outstanding APL support obligation had been satisfied, and that the Orphans' Court erred in not surcharging the trustees for so doing. Appellant's Brief at 42-46.

At the heart of the instant claim is a disagreement between Appellant and the Courts of this Commonwealth regarding the total sum of his APL support obligation to Ex-Wife. Specifically, Appellant avers that an October 27, 2004 Order did not set an amount due in arrears. Rather, he contends, the Order set the full amount of his APL obligation to Ex-Wife at $125,820.00, and not at $125,820.00 more than what had already been paid.

This exact claim was previously raised by Appellant and addressed by this Court as follows:

> On February 26, 1993, [Appellant] was ordered to pay $5,500 per month for APL to [Ex-Wife]. The APL obligation was made retroactive to January 27, 1993. This amount was reiterated in a court order of January 5, 1994. [On October 21, 1994, upon Appellant's refusal to make APL payments, an Attachment Order was issued directing the trustees of Trust 6 and Trust 7 to divert

all income otherwise payable to Appellant into an escrow account for the benefit of Ex-Wife.] On October 27, 2004, another order was entered that acknowledged [Appellant's] prior APL payments of more than $300,000 and set his arrearage for failure to pay at $125,820.00.

\* \* \*

[Appellant] claims the trial court erred in determining the amount of APL he owed. He claims the October 24, 2004 [O]rder set the total amount of APL owed to [Ex-Wife] at $125,820.00. He argues he has already paid more than $300,000.00, so he is owed money rather than owing. We find no error in the trial court's interpretation of that [O]rder.

[Appellant] is correct that the [O]rder in question sets his arrearage at $125,820.00. The trial court interpreted this to mean that [Appellant] still owed that amount [in addition to the more than $300,000.00 already paid]. In the conclusions of law of the October 24, 2004 [O]rder, Paragraph 19 stated in relevant part: "[Appellant] is, therefore, liable to [Ex-Wife] for unpaid alimony *pendente lite* in the amount of $165,820, less $40,000, or a remaining balance of $125,820." Conclusions of Law, 10/24/04, ¶ 19. This conclusion of law is clear and we see no other interpretation of "[Appellant] . . . liable to [Ex-Wife]" and "remaining balance" than the plain meaning of "money still owed" by [Appellant] to [Ex-Wife].

***PNC Bank, N.A. v. Applegate***, No. 929 EDA 2012, unpublished memorandum at 7-8 (Pa. Super. filed May 7, 2013).[2]

Therefore, because Appellant predicates his entire argument supporting his first issue on the incorrect assertion that his total APL obligation was $125,820.00, we readily conclude that the trial court did not err or abuse its discretion in denying Appellant's request to surcharge Appellees for the payments to Ex-Wife.

---

[2] Our Supreme Court denied Appellant's Petition for Allowance of Appeal. ***PNC Bank, N.A. v. Applegate***, 84 A.3d 665 (Pa. 2014).

## Investment Strategy

In his second issue, Appellant avers that the Orphans' Court erred by not surcharging Appellees for violating their "duty to produce reasonable income to accomplish the purposes of the trusts[.]" Appellant's Brief at 46. The Orphans' Court found that Appellant had "failed to present any credible testimony or evidence supporting his claim that [Appellees] breached their duty to treat all beneficiaries equally or invest trust assets prudently." Opinion re Trust No. 6, filed 2/24/16, at 5-6. *See also* Opinion re Trust No. 7, filed 2/24/16, at 6.

Appellant is the lifetime beneficiary of two trusts that, upon Appellant's death, are distributable to certain enumerated charities. As trustees, Appellees owe certain duties to Appellant and the named charities. Primary among them being "the preservation of the assets of the trust and the safety of the trust principal." *Estate of Pew*, 655 A.2d 521, 542 (Pa. Super. 1994). A trustee must "invest and manage property held in a trust as a prudent investor would, by considering the purposes, terms and other circumstances of the trust and by pursuing an overall investment strategy reasonably suited to the trust." 20 Pa.C.S. § 7203(a). Where, as here, there are two or more beneficiaries to a trust, "the trustee shall act impartially in investing, managing and distributing the trust property, giving due regard to the beneficiaries' respective interests in light of the purposes of the trust." 20 Pa.C.S. § 7773. "The duty to act impartially does not

mean that the trustee must treat the beneficiaries equally. Rather, the trustee must treat the beneficiaries equitably in light of the purposes of the trust." *Id.*

Where a trustee fails "to exercise common prudence, skill and caution in the performance of its fiduciary duty," a surcharge may be imposed as a penalty. *Estate of Pew, supra* at 541. When evaluating whether a trustee has violated the duty to act as a prudent investor would, courts are instructed to focus on "standards of conduct and not of outcome or performance." 20 Pa.C.S. § 7213. "In a surcharge action, the propriety of a trustee's investment is judged as it appeared **at the time of investment** and not in light of subsequent changes." *In re Estate of Warden*, 2 A.3d 565, 578 (Pa. Super. 2010) (emphasis in original) (citation omitted). Finally, "[o]ne who seeks to surcharge the trustee for breach of [duty] must bear the burden of proving the particulars of the trustee's wrongful conduct." *Estate of Pew, supra* at 543.

The Orphans' Court neatly summarized the evidence adduced at the hearing on Appellant's claim that Appellees breached the fiduciary duty owed to him as follows.

> [Appellant's] sole witness, Wick Hollingshead, who was not offered as an expert witness in investment performance, failed to establish that the investment strategy [Appellees] utilized, over the account periods, constituted a breach of duty. [Appellees] utilized a 'total return investment objective' to invest the funds of [the trusts]; an investment strategy [that] Hollingshead testified he has used all of his life. Mr. Hollingshead reviewed the securities in which [Appellees]

invested and testified that "he had no objection to any of them. They're all very good or excellent." His testimony largely centered around what other types of investment strategies [Appellees] could have utilized that may have generated a larger amount of income for [Appellant]. He further stated that his analysis related to what the investments could have paid to the income beneficiary.

Opinion re Trust No. 6, filed 2/24/16, at 6 (citations omitted). ***See also***

Opinion re Trust No. 7, filed 2/24/16, at 6.

The Orphans' Court explained how this evidence fell short of meeting

Appellant's burden of proof.

Mr. Hollingshead failed to provide any concrete analysis to support a finding that there existed some other investment strategy that would have yielded higher income distributions for [Appellant] without negatively impacting the charitable remainder beneficiaries' interest in the trust[s]. He also failed to offer any evidentiary support, in the form of a market analysis or otherwise, or to opine about the state of the financial markets and their fluidity over the account periods and the impact this may or may not have had on the trust income distributions. [The Orphans' Court] found Mr. Hollingshead's testimony lacking in substance and based upon a review of investments in hindsight and therefore insufficient to provide any basis for [Appellant's] objection.

* * *

[Appellant] did not establish that there was any superior investment mix that would have improved performance of the [trusts] and permitted [Appellees] to meet their obligation of impartiality between the income beneficiary and the remainder beneficiaries; nor did he establish that [Appellees][,] by investing prudently and consistently in a balanced portfolio for a total return over many years[,] breached their fiduciary duty. There was simply no credible evidence presented to support the claim that [Appellees'] investment strategy as it relates to [the trusts] was imprudent or that the beneficiaries received inequitable treatment.

Opinion re Trust No. 6, filed 2/24/16, at 6-7 (citations omitted). ***See also*** Opinion re Trust No. 7, filed 2/24/16, at 6-7.

In his Brief to this Court, Appellant discusses, at length, his view of the purposes for which the trusts were established and the income production that he believes Appellees should have obtained. Appellant's Brief at 47-50. He also discusses the means by which Appellees might have produced more income, including a drawn out discussion of the legality of adjusting income and principal in a trust with a charitable remainder. Appellant's Brief at 51-53.

The relevant inquiry on appeal, however, is not whether Appellant can persuade this Court that Appellees violated a fiduciary duty to Appellant because an alternative investment strategy existed. Instead, the inquiry is whether Appellant met this burden in the Orphans' Court. ***In re Estate of Cherwinski, supra*** at 167. The Orphans' Court here found that Appellant's evidence lacked substance and credibility, and he, therefore, failed to meet his burden of establishing that he was entitled to relief. After careful review, we conclude that the Orphans' Court's did not abuse its discretion or lack evidentiary support in the record for its findings regarding the credibility of Appellant's witness and the weight to be afforded Appellant's evidence. Nor did the Orphans' Court err as a matter of law. Appellant is, therefore, not entitled to relief on this claim.

**<u>Attorney's Fees and Expenses</u>**

In his final issue, Appellant avers that the Orphans' Court erred in permitting Appellees to recover attorney's fees and expenses for (i) intervening in Appellant's divorce action to clarify the ongoing obligation to pay income from the trusts into Ex-Wife's escrow account; and (ii) defending against Appellant's claims for surcharges. Appellant's Brief at 54-56.

It is beyond dispute that legal counsel for a trust is entitled to reasonable compensation for services rendered to the trust. *In re LaRocca's Trust Estate*, 246 A.2d 337, 339 (Pa. 1968). When determining whether a fee is fair and reasonable, courts are instructed to consider the following factors:

> the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.

*Id.* Where a trustee successfully defends a claim that he or she breached a fiduciary duty, the trustee is entitled to have his or her legal fees paid from the trust. *In re Browarsky's Estate*, 263 A.2d 365, 366 (Pa. 1970). Finally, "it is hornbook law that the reasonableness of the fee is a matter for the sound discretion of the lower [c]ourt and will be changed by an appellate

- 10 -

[c]ourt only when there is a clear abuse of discretion." ***In re LaRocca's Trust Estate, supra*** at 339.

Appellant does not offer any argument or evidence disputing the reasonableness of the amount of fees and costs claimed by Appellees. Instead, Appellant avers that they are not entitled to any fees because he established that they violated a fiduciary duty.

As discussed ***supra***, Appellant failed to establish that Appellees violated any fiduciary duty. Because Appellees successfully defended against Appellant's surcharge claim, they are entitled to the fees and costs associated with defending that claim. ***In re Browarsky's Estate, supra*** at 366.

> Moreover, as the Orphans' Court found:
>
> There is no question that this present matter involved an extraordinary amount of work and involved unique and challenging circumstances, particularly that [Appellees] found themselves in the middle of a hotly contested divorce. [Appellees] have never filed any documents in this matter unless it was to respond to a filing of [Appellant's] or to comply with an order of a court.

Opinion re Trust No. 6, filed 2/24/16, at 12. ***See also*** Opinion re Trust No. 7, filed 2/24/16, at 6-7.

After a careful review of the record and the arguments of the parties, we discern no clear abuse of discretion in the Orphans' Court's decision to award attorney's fees to Appellees. Accordingly, Appellant is not entitled to relief on this claim.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2017