J-S45031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOAN SHERLOCK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THE ESTATE OF: JULIA M. | : | No. 578 EDA 2020 |
| SHERLOCK, EXECUTOR: KEVIN | : | |
| SHERLOCK | : | |

Appeal from the Order Entered January 31, 2020
In the Court of Common Pleas of Chester County Orphans' Court at
No(s):  No. 1518-0854

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED NOVEMBER 13, 2020**

Joan Sherlock (Appellant) appeals *pro se*[1] from the order granting the petition of her brother, Kevin Sherlock (Executor), to evict her from property owned by the estate of her mother, Julia M. Sherlock (Decedent).  We affirm.

The property at issue is 23 Lochwood Lane (the Property), a two-story, four-bedroom, single-family home.  Decedent owned and resided at the Property until her death on April 15, 2018.  Decedent had five children, three of whom are relevant to this appeal:  Appellant, Executor, and their disabled brother, Andrew Sherlock (Andrew).  At the time of Decedent's death, Appellant and Andrew resided at the Property with Decedent.  Appellant

_____

[1] Appellant has been *pro se* throughout the Orphans' Court and appellate proceedings.

moved into the Property approximately 10 years prior to Decedent's death. Andrew, who is paraplegic and unable to live independently, had lived there for approximately 15 years.

Decedent left her entire estate in trust for Andrew's benefit.[2] Her will appointed Executor as trustee as well as executor. On May 1, 2018, Executor determined that it would be in Andrew's best interests to sell the Property and use the proceeds for Andrew to live in assisted-living more suitable to his needs. Executor repeatedly asked Appellant to vacate the Property so he could sell it, but she refused.

On November 27, 2019, Executor filed a petition seeking leave to evict Appellant from the Property. On January 29, 2020, the Orphans' Court convened a hearing. When Executor moved to have the Last Will and Testament of Decedent entered into evidence, Appellant objected. After the Orphans' Court noted that the will was already "a matter of record," Appellant stated she would stipulate to the will being a matter of record, and the Orphans' Court admitted it as Exhibit P-1. N.T., 1/29/20, at 39-40.

Three witnesses testified: Executor; Michael White, a licensed realtor retained by Executor to list the Property; and Appellant. Appellant testified,

_____

[2] The Orphans' Court found that Decedent established "a typical special needs trust which is intended to allow the disabled beneficiary to enjoy the use of property held in trust for his benefit while at the same time allowing him to receive governmental benefits to which he is entitled." Orphans' Court Opinion, 1/31/20, at 5.

"I think the house should be sold," and "I think [And]rew needs to go into a nursing care facility." *Id.* at 101. However, Appellant defended her refusal to vacate the Property, claiming that Executor's plan to sell the Property and move Andrew to assisted-living was inconsistent with Decedent's wishes, and Executor lacked authority to evict her. *Id.* at 112-114 (Appellant stating "it is still my position that this will is a total fraud [and] my agreement with my mother was that I would stay in the house until everything with [And]rew was resolved.").

On January 31, 2020, the Orphans' Court granted Executor's petition and ordered Appellant to move within 45 days. Appellant timely appealed. Both the Orphans' Court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

On June 18, 2020, Executor filed in this Court an application to quash this appeal based on deficiencies in Appellant's brief. On June 24, 2020, Appellant filed an answer to the application to quash, which did not address the deficiencies, and stated, "It is denied that any relief is warranted or the Application to Quash Appeal is valid." Answer to Application to Quash, 6/24/20, ¶ 1. On July 29, 2020, this Court denied the application to quash without prejudice to Executor to raise the issue before the merits panel. Executor has renewed his argument, detailing the deficiencies and citing prevailing legal authority. *See* Appellee's Brief at 6-14. In his summary of the argument, Executor states:

[Appellant]'s brief does not conform with a single requirement of Pa.R.A.P. 2111, and she did not file a reproduced record as required by Pa.R.A.P. 2152.  She also did not raise any issues in the lower court as required by Pa.R.A.P. 302, which acts as a waiver of all issues. These substantial defects precluded meaningful review, which warrant suppression of [Appellant]'s brief and dismissal of the Appeal.

*Id.* at 6.

For the most part, we agree with Executor.  However, we note that in response to the Orphans' Court's order directing her to file a concise statement of errors complained of on appeal, Appellant timely filed a response stating her "reasons to appeal," which the Orphans' Court deemed a "Concise Statement of Matters Complained Of," and to which the Orphans' Court responded in a Pa.R.A.P. 1925(a) opinion.  *See* Orphans' Court Opinion, 4/22/20.  Thus, we do not agree with Executor that Appellant did not raise any issues with the lower court and failed to comply with Pa.R.A.P. 302.

Also, while Appellant has technically failed to include in her brief a statement of questions involved as prescribed by Pa.R.A.P. 2111(a)(4), she identifies "issues" of "due process," "proper consideration of facts or evidence," "errors in procedure," "lack of sufficient evidence," and "errors in the judge's interpretation of the law and 'Will' of deceased."  Appellant's Brief at 2-6.  These issues mirror the reasons for appeal Appellant raised in her filing in response to the Orphans' Court order directing a concise statement.

The above notwithstanding, we agree with Executor's assessment of Appellant's brief.[3]  Most significantly, Appellant has failed to present a cogent legal argument.  Although Appellant intersperses her argument with some legal terms and authority, the references are either overly general or inapplicable.  *See* Appellant's Brief at 1-8; *see also* Pa.R.A.P. 2119(a) (requiring appellant develop an argument with citation to and analysis of **pertinent** authority).

Rather than present a legal argument, Appellant reargues her case.  For instance, she asserts the Orphans' Court improperly failed to find that Executor was motivated by a desire to "not deal with" Andrew, and "wanted to retaliate against [Appellant] for not going along with his schemes and negative decisions surrounding his [*sic*] Will/Trust and the care for [Appellant], [And]rew, and the house."  Appellant's Brief at 2.  She also asserts that Executor "removed [Decedent's] Will from the house," and Decedent "was forced to sign another Will/Trust unknowingly."  *Id.* at 3, 7.

This court is not a finder of fact.  When we review a decision of the orphans' court:

> The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the

---

[3]  For example, Appellant fails to comply with Pa.R.A.P. 2111(a), which prescribes the 12 "separate and distinct" sections of an appellate brief.

judge has had the opportunity to hear and observe, and upon the weight given to their testimony.

***In re Estate of Cherwinski***, 856 A.2d 165, 167 (Pa. Super. 2004) (citation omitted).

Appellant reargues the facts, and makes no legal argument. We have long held that it is not our obligation to formulate arguments on behalf of an appellant. ***Bombar v. W. Am. Ins. Co.***, 932 A.2d 78, 93 (Pa. Super. 2007) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant."); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived").

Finally,

Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***Wilkins v. Marsico***, 903 A.2d 1281, 1284-85 (Pa. Super. 2006) (citations omitted).

For the above reasons, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/20