**In re:  Marlene MISCIN, an Alleged Incapacitated Person.**

**Appeal of:  Allegheny County Department of Human Services.**

Superior Court of Pennsylvania.

Submitted May 9, 2005.

Filed Oct. 14, 2005.

Paul R. Molter, Pittsburgh, for appellant.

Thelma C. Spells, Pittsburgh, for appellee.

BEFORE: DEL SOLE, P.J., GANTMAN, and KELLY, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Allegheny County Department of Human Services, appeals from the order entered in the Allegheny County Court of Common Pleas, Orphans' Court Division, which denied a final hearing on Appellant's petition to appoint a perma-

nent plenary guardian for Appellee, Marlene Miscin. As this appeal is taken from an interlocutory order which is not immediately appealable, we quash.

¶ 2 The relevant facts and procedural history of this appeal are as follows. Appellee is in her late fifties and suffers from schizoaffective disorder, cognitive disorder, and multiple sclerosis. She is not ambulatory and is unable to care physically for herself. She lives with her father, her only known heir, who is in his nineties and incapable of caring for her. On March 17, 2004, Appellee was admitted to Forbes Regional Hospital initially under a Section 302 civil commitment and subsequently under a Section 304 civil commitment pursuant to the Mental Health Procedures Act ("MHPA").[1]

¶ 3 On May 11, 2004,[2] Appellant filed a petition to appoint Jewish Family and Children's Service as permanent plenary guardian of the person and estate of Appellee, an alleged incapacitated person. Appellant's petition asserted Appellee's physical and mental condition rendered her incapable of receiving and evaluating information properly, and unable to meet her essential requirements for physical health, safety, or to manage her financial resources. Appellant's petition was supported by an affidavit from Dr. J. John, M.D., of Forbes Regional Hospital, who had examined Appellee on April 26, 2004. The Orphans' Court set a hearing date for June 10, 2004, and appointed counsel to represent Appellee. On June 9, 2004, the Orphans' Court granted Appellee a continuance to allow her to apply for comprehensive in-home services from the Community Life Homestead LTCCAP program to enable Appellee to remain at home upon discharge from the hospital. The Commu-

---

1. 50 P.S. §§ 7302 and 7304.

2. The docket entry indicates the petition was filed on May 10, 2004, but the petition was date stamped May 11, 2004.

nity Life program determined Appellee was ineligible to participate in the program. In response, Appellant filed a motion on June 29, 2004, for a final hearing to appoint Appellee a permanent plenary guardian. The Orphans' Court scheduled the hearing for July 27, 2004. At the hearing, the Honorable Walter R. Little of the Orphans' Court noted the MHPA precluded the court from appointing a permanent plenary guardian while Appellee was under an involuntary commitment, and denied Appellant's petition on that basis.[3] On August 9, 2004, Appellant filed this timely notice of appeal.

¶ 4 On August 16, 2004,[4] Appellant filed a subsequent petition in Orphans' Court seeking to appoint an emergency limited guardian and a permanent plenary guardian for Appellee.[5] On that date, the Honorable Lee Mazur of the Orphans' Court granted Appellant's petition to appoint Jewish Family and Children's Service as Appellee's emergency limited guardian, and scheduled a hearing for October 13, 2004 to appoint a permanent plenary guardian.

¶ 5 With respect to the pending appeal of the July 28th order, Appellant filed a court-ordered Rule 1925(b) concise statement on August 30, 2004. On September 16, 2004, Judge Mazur dismissed Appellant's petition to appoint a permanent plenary guardian for Appellee, and directed that all further actions concerning the matter be presented to Judge Little. The Orphans' Court filed its opinion on December 30, 2004.

¶ 6 On appeal, Appellant raises two issues for our review:

DID THE [ORPHANS'] COURT ERR IN DENYING A MOTION FOR FINAL HEARING ON THE PETITION FOR APPOINTMENT OF [A] PERMANENT PLENARY GUARDIAN OF THE PERSON AND ESTATE OF MARLENE MISCIN BECAUSE SHE WAS UNDER AN INVOLUNTARY MENTAL HEALTH COMMITMENT WHEN SUCH GUARDIANSHIP WAS NEEDED FOR DISCHARGE AS WELL AS POST DISCHARGE NEEDS?

IS THE ALLEGHENY COUNTY'S PRACTICE OF DENYING GUARDIANSHIP WHEN A PERSON IS SUBJECT TO INVOLUNTARY COMMITMENT INCONSISTENT WITH THE LAW OF PENNSYLVANIA?

(Appellant's Brief at 1).

¶ 7 As a prefatory matter, we must determine whether this appeal lies

---

3. The court's order refers to a July 1, 2004 order signed by the Honorable Robert A. Kelly of the Orphans' Court, which placed Appellee under a 180–day involuntary commitment pursuant to 50 P.S. § 7305. Although the order has not been made part of the certified record, the parties do not dispute Appellee's Section 305 involuntary commitment.

4. The docket entry indicates the petition was filed on August 13, 2004, but the petition was date stamped August 16, 2004.

5. Appellant's reason for filing this petition after filing an appeal with this Court is not clear. Appellee had been under the Section 305 180–day commitment as of July 1, 2004. However, Appellee's brief indicates Forbes Regional Hospital discharged Appellee to her home on or about August 6, 2004. (Appellee's Brief at 4). Appellant's August 16, 2004 petition alleges Appellee's physical condition was deteriorating because her immediate need for medical attention and nursing care could not be addressed at home, and Appellee refused to go to a hospital or nursing care facility. (See Petition to Appoint Emergency Limited Guardian and Permanent Plenary Guardian of the Person and Estate of Marlene Miscin, 8/13/05, at 2). The Orphans' Court Opinion indicates Appellee was committed to Braddock Hospital on August 23, 2004 pursuant to Section 303 of the MHPA. (See Orphans' Court Opinion, filed December 30, 2004, at 3).

from a final order subject to our review. We may examine the issue of appealability *sua sponte* because it affects the Court's jurisdiction over the case. *In re Estate of Cherwinski*, 856 A.2d 165 (Pa.Super.2004) (citing *In re Estate of Borkowski*, 794 A.2d 388 (Pa.Super.2002)). An appeal must be taken from a final order. *In re Estate of Cherwinski, supra.* A final order is defined as follows:

### Rule 341. Final Orders; Generally

(a) **General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

(b) **Definition of final order.** A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) any order that is expressly defined as a final order by statute; or

(3) any order entered as a final order pursuant to subdivision (c) of this rule.

\* \* \*

Pa.R.A.P. 341. *See In re Estate of Borkowski, supra.* Thus, for purposes of the present case, an order is final and appealable if it disposes of all claims or if a statute expressly defines it as final.[6] *See id.*

¶ 8 Moreover, Rule of Appellate Procedure 342 provides:

### Rule 342. Orphans' Court Orders Determining Realty, Personalty and Status of Individuals or Entities

In addition to final orders pursuant to Subdivision (b) of Rule 341 or deter-

mined to be final under Subdivision (c) of Rule 341, an order of the Orphans' Court Division determining an interest in realty, personalty, the status of individuals or entities or an order of distribution not final under Subdivision (b) of Rule 341 or determined to be final under Subdivision (c) of Rule 341 shall constitute a final order upon a determination of finality by the Orphans' Court Division.

Pa.R.A.P. 342.[7]

■ ¶ 9 Further, an appeal may be taken as of right from an interlocutory order made appealable by statute or general rule. Pa.R.A.P. 311(a)(8). An interlocutory order may also be appealed by permission. Pa.R.A.P. 312, 1311; 42 Pa. C.S.A. § 702(b). "In order to avoid piecemeal litigation, no appeal will be permitted from an interlocutory order unless specifically provided for by statute. Otherwise, an appeal must be taken from a final order." *In re Estate of Schmitt*, 846 A.2d 127, 129 (Pa.Super.2004), *appeal quashed*, 579 Pa. 703, 857 A.2d 679 (2004).

■ ¶ 10 Instantly, Appellant has taken its appeal from the Orphans' Court order of July 28, 2004, which denied a final hearing on Appellant's petition to appoint a permanent plenary guardian for Appellee. The court reasoned it was without authority to appoint a permanent plenary guardian while Appellee was still involuntarily committed pursuant to the MHPA. (*See* Trial Court Opinion at 4–8). *See also* 20 Pa.C.S.A. § 5521(f). Significantly, the Orphans' Court suggested it would consider the matter upon Appellee's discharge from

---

**6.** Subdivision (c) applies when the trial court expressly determines an immediate appeal as to fewer than all the claims and/or parties would facilitate resolution of the entire case. *See* Pa.R.A.P. 341(c). As the instant case involves one claim and one party, Rule 341(b)(3) does not apply.

**7.** The Supreme Court amended this provision by order dated June 29, 2005. The changes affect appeals taken from trial court orders entered on or after August 29, 2005. *See* Pa.R.A.P. 342.

involuntary commitment. (*See* N.T., 7/27/04, at 11). The court did not dispose of Appellant's claim by denying appointment of a permanent plenary guardian. It merely refused to consider the petition on its merits while Appellee's involuntary commitment was in place.. Thus, Appellant's claim does not lie from a final order under Pa.R.A.P. 341(b)(1). *See In re Estate of Cherwinski, supra; In re Estate of Borkowski, supra.*

¶ 11 Next, we examine whether the court's order is expressly defined as a final order by statute. *See* Pa.R.A.P. 341(b)(2). The MHPA, which establishes the rights and procedures for all involuntary treatment of mentally ill persons, does not include an express provision regarding the appealability of orders involving appointment of guardians. *See* 50 P.S. §§ 7101–7503. Likewise, the applicable Pennsylvania guardian statute does not expressly define the denial of a final hearing to appoint a permanent plenary guardian as a final order. *See* 20 Pa.C.S.A. §§ 5501–5555. Therefore, Appellant's claim does not lie from a final order under Pa.R.A.P. 341(b)(2). For the same reasons, Appellant's appeal may not be taken as of right from an interlocutory order made appealable by statute or general rule. *See* Pa.R.A.P. 311(a)(8); 50 P.S. §§ 7101–7503; 20 Pa.C.S.A. §§ 5501–5555.

¶ 12 Finally, the Orphans' Court did not certify the order as final under Rule 342. *See* Pa.R.A.P. 342. Appellant did not seek an interlocutory appeal by permission pursuant to Rule 312. *See* Pa.R.A.P. 312, 1311; 42 Pa.C.S.A. § 702(b). Accordingly, we are without jurisdiction to consider Appellant's issues on the merits and must quash this appeal.

¶ 13 Appeal quashed.