J-S68031-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| RODMAN AZAR d/b/a AZAR COMMERICAL PROPERTIES, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| BRUCE LUTZ AND CRYSTAL RITTER, INDIVIDUALLY, AND d/b/a PIONEER PAVEMENT, LLC, | : : : : | |
| Appellees | : | No. 769 MDA 2017 |

Appeal from the Order Entered April 19, 2017
in the Court of Common Pleas of Lackawanna County,
Civil Division, at No(s): 16-CV-3902

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED NOVEMBER 09, 2017**

Rodman Azar d/b/a Azar Commercial Properties (Azar) appeals from the order entered April 19, 2017, which purported to make final the September 28, 2016 order which sustained preliminary objections filed by Bruce Lutz (Lutz) and Crystal Ritter (Ritter).  Upon review, we quash this appeal.

The relevant history of this case can be summarized as follows.  After contracting and paying for work that was allegedly never performed, on July 1, 2016, Azar filed a complaint against Lutz and Ritter individually and d/b/a Pioneer Pavement, LLC (Pioneer Pavement).[1]  On August 5, 2016, Lutz and

---

[1] According to Azar, he "initially filed suit against Pioneer Pavement [] on December 11, 2014.  [Pioneer Pavement] was served accordingly and failed

---

*Retired Senior Judge assigned to the Superior Court.

Ritter filed preliminary objections, averring, *inter alia*, that the complaint failed to support a contract claim against Lutz and Ritter individually, and requested the complaint be dismissed with prejudice. Preliminary Objections, 8/5/2016, at 3-5. After argument and the submission of briefs by the parties, the trial court issued an order which, in pertinent part, stated the following:

1. The preliminary objections of individual defendants [Lutz and Ritter] in the nature of a demurrer are SUSTAINED and the individual defendants are dismissed as parties.

2. Further proceedings shall be in accordance with the Pennsylvania Rules of Civil Procedure.

Order, 9/28/2016 (emphasis in original; unnecessary capitalization omitted).

On October 26, 2016, Azar filed a notice of appeal. This Court *sua sponte* quashed the appeal after determining that the order did not dispose of all claims raised in the complaint. Order, 2/2/2017. Thereafter, Azar filed a "motion for interlocutory appeal permission" with the trial court. In his motion, Azar requested the trial court enter the September 28, 2016 order as a final order. Motion for Interlocutory Appeal, 4/19/2017. On April 19, 2017, the trial court issued an order wherein the court stated that "upon consideration of [Azar's] motion, the Clerk of Judicial Records is hereby

---

to respond to [Azar's c]omplaint. Ultimately, a [d]efault [j]udgment was entered against Pioneer Pavement [] on or about February 12, 2016 in the amount of $15,173.70." Azar's Brief at 5. Azar instituted the suit at issue in this case because he anticipates that through discovery "it will be determined that [Lutz and Ritter] created Pioneer Pavement [] as a sham corporate veil to protect the assets of their paving company, which they had no intention to use to perform the contract entered into with [Azar]." **Id.** at 6.

directed to mark the September 28, 2016 order as a final order." Order, 4/19/2017. Azar filed a notice of appeal from this order on May 3, 2017.

Before we reach the merits of this appeal, we consider the appealability of the April 19, 2017 order which purported to make final the September 28, 2016 order.[2] ***See In re Miscin***, 885 A.2d 558, 561 (Pa. Super. 2005) (holding that even where no party has raised the issue of appealability, "[w]e may examine the issue of appealability *sua sponte* because it affects the Court's jurisdiction over the case").

According to Azar, this order is appealable as a final order pursuant to Pa.R.A.P. 341. Azar's Brief at 1. Rule 341 provides in relevant part as follows:

**(a)** **General Rule**.--Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

**(b)** **Definition of final order**.--A final order is any order that:

(1) disposes of all claims and of all parties; or

(2) RESCINDED

(3) is entered as a final order pursuant to paragraph (c) of this rule.

---

[2] Indeed, this Court issued a rule to show cause why this appeal should not be quashed. In his response, Azar averred that "[t]he September 28, 2016 granting of Preliminary Objections dismissed the case in its entirety as it was dismissing the matter as to [] Lutz and [] Ritter for their fraudulent conveyance." Azar's Answer to Rule to Show Cause, 7/21/2017 at 1 (unnumbered). Upon Azar's response, this Court discharged the rule to show cause and deferred the determination of the order's finality to final disposition.

> **(c)** **Determination of finality**.--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.
>
>> (1) The trial court or other government unit is required to act on an application for a determination of finality under paragraph (c) within 30 days of entry of the order. During the time an application for a determination of finality is pending the action is stayed.

Pa.R.A.P. 341. ***See also*** 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas….").

Instantly, the trial court did not add the language required to satisfy paragraph (c), providing that "an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c). Furthermore, Azar did not apply for such a determination, nor did the trial court act within 30 days of the entry of the order. Thus, this order is only appealable if it meets the requirements set forth in Pa.R.A.P. 341(a).

According to Azar, Pioneer Pavement is a sham corporation, and the instant action was instituted against Ritter and Lutz to pierce the corporate

veil. Azar's Brief at 1. Azar avers that the order sustaining preliminary objections dismissed the complaint and the individual claims therein. *Id.* Thus, Azar contends the September 28, 2016 order constitutes a final order under Pa.R.A.P. 341(a).

However, the September 28, 2016 order specifically dismissed the individual defendants, Lutz and Ritter, while directing further proceedings move forward in accordance with the rules of civil procedure. Order 9/28/2016. Accordingly, the trial court's order sustaining preliminary objections as to Lutz and Ritter, individually, did not dispose of all parties, as Lutz and Ritter d/b/a Pioneer Pavement remains a defendant in this case. *See*, *e.g.*, *Robert H. McKinney, Jr., Associates, Inc. v. Albright*, 632 A.2d 937 (Pa. Super. 1993) (holding that an order sustaining preliminary objections and dismissing case as to one of two defendants was not a final, appealable order).

Furthermore, in this Court's previous order quashing Azar's first appeal *sua sponte*, we specifically found that claims were still pending and thus, the September 28, 2016 order was not final. Because the April 19, 2017 order failed to meet the requisite requirements under Pa.R.A.P. 341(c), and the September 28, 2016 order failed to meet the requirements under Pa.R.A.P. 341(a), we lack jurisdiction over this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017