J-A05001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEONARD N. HUBBARD, INDIVIDUALLY AND ON BEHALF OF GRAND NEGZ, INC., A PENNSYLVANIA CORPORATION | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 2443 EDA 2017 |
| SHAWN GEE; SPORTS ENTERTAINMENT FINANCIAL GROUP, INC, A PENNSYLVANIA CORPORATION; AHMIR THOMPSON; TARIK TROTTER; GRAND NEGAZ, INC., A PENNSYLVANIA CORPORATION; OKAY TOURS, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY; GRAND WIZARDS, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY; AND THE ROOTS ON TOUR, INC., A PENNSYLVANIA CORPORATION | : : : : : : : : : : : : : : : : : : | |
| Appellants | : | |

Appeal from the Order Dated June 21, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): January Term, 2016 No. 003135

BEFORE:   DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MARCH 27, 2018**

Appellants, Shawn Gee, Sports and Entertainment Group, Inc., Ahmir Thompson, Tarik Trotter, Grand Negaz, Inc. ("GNI"), Grand Wizards, LLC, Okay Tours, LLC, and The Roots on Tour, Inc., appeal from the June 21, 2017 Order compelling Appellants Thompson and Trotter to produce their personal tax returns.  We quash this appeal as interlocutory.

_____
\* Former Justice specially assigned to the Superior Court.

The relevant facts are, briefly, as follows. Appellee Leonard N. Hubbard is a former member of the band The Roots and a minority shareholder in Appellants Okay Tours, Grand Wizards, and GNI, the close corporation that owns the trademarked name "The Roots." Appellants Thompson and Trotter are the majority shareholders in those entities and current members of The Roots.

Appellee filed a Complaint against Appellants on January 27, 2016, an Amended Complaint on March 21, 2016, and a Second Amended Complaint on April 11, 2016, claiming, *inter alia*, that Appellants Thompson and Trotter have permitted the use of "The Roots" trademark without compensation to Appellee through the corporate entities in which he is a minority shareholder.[1]

On January 20, 2017, Appellee served Appellants with a Second Request for Production of Documents seeking, *inter alia*, the personal tax returns of Appellants Thompson and Trotter. On February 17, 2017, Appellants Thompson and Trotter filed an objection to the discovery request, asserting that their personal tax returns were irrelevant to Appellee's claims. The trial court initially sustained Appellants' objection; however, on May 15,

_____

[1] The claims asserted by Appellee against Appellants include: (1) Fraudulent Transfer; (2) Breach of Fiduciary Duty; (3) Appointment of Custodian/Receiver; (4) Appointment of Trustee; (5) Shareholder Derivative Action; (6) Civil Conspiracy; (7) Constructive Fraud; (8) Access to Corporate Records; and (9) Access to Company Records. **See** Second Amended Complaint, 4/11/16, at 19-35.

2017, following the April 7, 2017 deposition of Appellant Gee, as designee of the corporate Appellants, Appellee filed a Motion to Revise Limits Placed on Discovery and a Motion to Overrule Objections to Second Request for Production of Documents.

A discovery master heard argument on Appellee's Motions. On June 21, 2017, the master issued a recommendation that the court compel the production of Appellants' tax returns, which the trial court adopted that same day. This appeal followed.

Appellants raise the following four issues on appeal:

1. Is the June 21, 2107 Order a collateral order subject to immediate appellate review where (a) the discovery issues within the Order can be addressed without an analysis of the underlying claims, (b) Pennsylvania law treats tax returns as confidential communications, the disclosure of which involves rights deeply rooted in public policy, and (c)[Appellants'] claim would be irreparably lost because once the material are divulged, the disclosure cannot be undone?

2. Is the June 21, 2017 Order contradictory to the trial court's previous determination, which prevented [Appellee] from seeking the production of personal information from Mr. Thompson or Mr. Trotter absent a stronger, separate basis for needing the information apart from identifying revenue streams associated with the trademark "The Roots?"

3. Did the trial court abuse its discretion when it held that [Appellee] sufficiently established that Mr. Thompson's and Mr. Trotter's federal and state tax returns are relevant because the tax returns are necessary to identify revenue received associated with the trademark "The Roots" and/or the value of such trademark?

4. Did the trial court abuse its discretion when it held that a compelling need for the disclosure of the information contained within Mr. Thompson's and Mr. Trotter's federal and

state tax returns exists because the information contained therein is not available elsewhere?

Appellants' Brief at 5.

Before we address the merits of Appellants' claims, we must determine whether the trial court's order is appealable. *In re Miscin*, 885 A.2d 558, 560-61 (Pa. Super. 2005). "The question of the appealability of an order goes directly to the jurisdiction of the Court asked to review the order." *Moyer v. Gresh*, 904 A.2d 958, 963 (Pa. Super. 2006) (citation and quotation marks omitted).

Generally, "unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." *Commonwealth v. Sartin*, 708 A.2d 121, 122 (Pa. Super. 1998). In relevant part, Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).[2]

The discovery Order at issue here is not a final order as it does not dispose of all claims and of all parties, nor is it appealable as of right pursuant to Pa.R.A.P. 311.[3] Appellants did not ask for or receive permission

---

[2] Rule 341 also defines a "final order" as any order "entered as a final order pursuant to [Pa.R.A.P. 341(c)]." Pa.R.A.P. 341(b)(3).

[3] Pa.R.A.P. 311 enumerates those kinds of orders that are, despite being interlocutory, are appealable as of right. Pa.R.A.P. 311. Discovery orders are not included in the enumeration of orders recognized as interlocutory but appealable as of right.

to appeal the Order pursuant to Pa.R.A.P. 312.[4] Thus, the question before this Court is whether the Order in this case is appealable under the collateral order doctrine. *See* Pa.R.A.P. 313.

Pennsylvania Rule of Appellate Procedure 313 defines a collateral order as one that: "1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." *In re Bridgeport Fire Litigation*, 51 A.3d 224, 230 n.8 (Pa. Super. 2012); Pa.R.A.P. 313(b). Our Supreme Court has emphasized that:

> the collateral order doctrine is a specialized, practical [exception to] the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule. To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

*Melvin v. Doe*, 836 A.2d 42, 46-47 (Pa. 2003) (internal citations omitted).

"A discovery order is collateral only when it is separate and distinct from the underlying cause of action." *T.M. v. Elwyn, Inc.*, 950 A.2d 1050, 1056 (Pa. Super. 2008) (citing *Feldman v. Ide*, 915 A.2d 1208, 1211 (Pa. Super. 2007)). An order is "separable" from the main cause of action if it is capable of review without considering the underlying merits of the case.

---

[4] Pa.R.A.P. 312 provides for appeals from interlocutory orders by permission.

*See Ben v. Schwartz*, 729 A.2d 547, 551-52 (Pa. 1999) (concluding that the Bureau of Professional and Occupational Affairs' claims of privilege with respect to its investigative file were analytically separate from the underlying claim of dental malpractice). Our Supreme Court has explained that, "although [the Supreme Court will] tolerate a degree of interrelatedness between merits issues and the question sought to be raised in the interlocutory appeal, the claim must nevertheless be conceptually distinct from the merits of plaintiff's claim." *Commonwealth v. Blystone*, 119 A.3d 306, 312 (Pa. 2015) (internal quotations and citations omitted).

In support of their position that the instant discovery order is a collateral order subject to our review, Appellants baldly assert that disclosure of their personal state and federal tax returns "will not shed any light on [Appellee's] entitlement to any monies" from Appellants. Appellants' Brief at 26. Appellants also object to discovery of the tax returns on the basis that "their tax returns [ ] contain confidential, proprietary information completely unrelated to the instant action." *Id.* at 29.[5]

Appellee argues that an assessment of the relevance of Appellants' tax returns requires an analysis of the merits of the underlying dispute, and,

---

[5] Appellants do not, however, assert that their personal tax returns are privileged. *See Rhodes v. USAA Cas. Ins. Co.*, 21 A.3d 1253, 1258 (Pa. Super. 2011) (noting that, "[g]enerally, discovery orders involving purportedly privileged material are appealable" under the collateral order doctrine).

thus, the Order compelling their production is not separable from and collateral to the main cause of action.

As part of his Complaint, Appellee claimed that Appellants Thompson and Trotter have improperly used the trademark "The Roots" as their personal property, when it is actually corporate property belonging to GNI, in which Appellee is a minority shareholder. Appellee avers that a valuation of GNI's corporate asset—"The Roots" trademark—is essential to establishing the damages to which he is entitled. In order to establish the value of the trademark and degree to which the revenue stream from it has been flowing to Appellants Thompson and Trotter personally, Appellee asserts that Appellants Thompson and Trotter's disclosure of their personal income tax returns is necessary.

The trial court concluded that this Court should quash Appellant's because the discovery order constitutes an interlocutory order. Trial Ct. Op., 11/03/17, at 1. We agree. Our review indicates that an assessment of the relevance of Appellants' tax returns would, as Appellee argues, require an analysis of the merits of the underlying dispute. Thus, we cannot conclude the Order is separable from and collateral to the main cause of action.

Because Appellants have failed to meet the first element of the collateral order doctrine, we quash this appeal as interlocutory.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/18