J-A08007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL MOORE | : | |
| | : | |
| Appellant | : | No. 2628 EDA 2017 |

Appeal from the Order Entered July 14, 2017
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2016-04852-0

BEFORE:   PANELLA, J., LAZARUS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 09, 2018**

Michael Moore appeals from the order entered in the Bucks County Court of Common Pleas, which granted the motion filed by Erie Insurance Exchange ("Erie"), requesting a new date for Moore's compelled independent medical examination ("IME"). We quash.

The relevant facts and procedural history of this case are as follows. Mr. Moore was involved in a car accident. Following the accident, he sought medical attention from his primary care physician and an orthopedic surgeon for shoulder injuries allegedly sustained in the crash. Moore applied for coverage of this treatment from both of his insurers, Erie and GEICO.

Erie filed a petition to compel Moore to submit to an IME under 75 Pa.C.S.A. § 1796, after he refused to voluntarily undergo an exam at their request. Erie's petition was premised on medical records showing that Moore had a prior history of shoulder pain. Moore responded to the petition, and the

_____

* Retired Senior Judge assigned to the Superior Court.

parties proceeded to oral argument. Following argument, the court entered an order granting Erie's petition to compel Moore to submit to an IME. The order gave Moore 30 days to submit to the exam with Dr. Marc Manzione.

Moore filed a motion for reconsideration. The court heard argument on the motion, and thereafter entered another order directing Moore to submit to the exam with Dr. Manzione within 30 days. Dr. Manzione's office then notified Erie that the doctor was unavailable within the 30-day timeframe. Erie arranged for an IME with another doctor, which Moore refused to attend because the court's order specified an IME with Dr. Manzione. After 30 days passed following entry of the order, Moore's counsel informed Erie in a letter that Moore would no longer submit to an IME as the scheduled date in the order had elapsed.

Erie filed a motion requesting the court extend the time for the IME, due to Dr. Manzione's busy schedule. Following a hearing, at which time Erie explained that it wished only to adjust the time specified in the order for obtaining an IME, the court issued an order granting Erie's request for a new IME date. Specifically, the court directed the IME be conducted within 70 days of the date on the order, "or as soon thereafter as reasonable [sic] possible." Order, entered 7/14/17. Moore timely filed a notice of appeal.

Preliminarily, we must ascertain whether this matter is proper for our review. "Our Court may reach the merits of an appeal taken from (1) a final order or an order certified as a final order; (2) an interlocutory order [appealable] as of right; (3) an interlocutory order [appealable] by

- 2 -

permission; or (4) a collateral order." ***Commerce Bank/Harrisburg, N.A.***

***v. Kessler***, 46 A.3d 724, 728 (Pa. Super. 2012) (brackets in original; internal

quotation marks and citations omitted). "In order to avoid piecemeal litigation,

no appeal will be permitted from an interlocutory order unless specifically

provided for by statute. Otherwise, an appeal must be taken from a final

order." ***In re Miscin***, 885 A.2d 558, 561 (Pa. Super. 2005) (citation omitted).

As the trial court explained in its opinion filed pursuant to Pa.R.A.P.

1925(a):

> We do not find any applicable exception enabling [Moore] to
> appeal the order at issue. First, there is no apparent statute or
> rule codified permitting an appeal where the underlying directive
> merely scheduled a new date for an IME. Pennsylvania Rule of
> Appellate Procedure 311 outlines specific categories enabling a
> party to appeal an interlocutory order. None of said categories are
> applicable to the instant case. Second, [Moore] never requested
> permission to appeal the July [14], 2017 Order as no Petition for
> Review appears in the record. Finally, we do not find the July [14],
> 2017 Order qualifies as a collateral order subject to appellate
> review. The Order did not address matters that were essential to
> the disposition of the main cause of action. We further find that
> the issues addressed in the order did not involve issues that were
> so important that denying their review would irreparably harm
> [Moore]. Consequently, we suggest that the July [14], 2017
> Order, which scheduled a new IME date, was interlocutory and not
> subject to appeal.

Trial Court Opinion, filed 9/19/17, at 5-6.

We agree with the trial court's conclusions. Moore has taken his appeal

from the order entered July 14, 2017. That order merely set a new time period

for the previously chosen examiner, Dr. Manzione, to perform the IME. Moore

fails to present any applicable exception to Pa.R.A.P. 341 that would permit

him to appeal the order at issue. Thus, despite his assertions to the contrary, we are without jurisdiction to consider Moore's issues on the merits. Accordingly, we must quash his appeal as interlocutory.

Appeal quashed.

Judge Lazarus joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/18