J-A07016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CASCADES TISSUE GROUP PENNSYLVANIA, A DIVISION OF CASCADES HOLDING US INC., RITCHIE KARUZIE AND STANLEY MAZALESKI, III | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 1476 MDA 2019 |
| READING BLUE MOUNTAIN AND NORTHERN RAILROAD COMPANY | : : : : : | |
| APPEAL OF:  CASCADES TISSUE GROUP PENNSYLVANIA, A DIVISION OF CASCADES HOLDING US INC. | : : : : | |

Appeal from the Order Entered August 15, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  3021-CV-2018

| | | |
|---|---|---|
| CASCADES TISSUE GROUP PENNSYLVANIA, A DIVISION OF CASCADES HOLDING US INC. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : : | |
| | : | No. 1479 MDA 2019 |
| READING BLUE MOUNTAIN AND NORTHERN RAILROAD COMPANY | : : : | |

Appeal from the Order Entered August 8, 2019
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2018-03021

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY DUBOW, J.:                    **FILED FEBRUARY 19, 2020**

Appellant, Cascades Tissue Group Pennsylvania, appeals from the Orders entered in the Lackawanna County Court of Common Pleas on August 8, 2019, and August 15, 2019, compelling Pierre Brochu and Annie Buzzanga to appear for depositions. Following careful review, we are constrained to quash these consolidated appeals.

Briefly, this matter involves a property dispute concerning two railroad crossings near a paper mill owned by Appellant in Ransom Township, Lackawanna County. Appellee, Reading Blue Mountain and Northern Railroad Company, sought to depose Appellant's parent company's in-house attorneys Brochu and Buzzanga. On August 8, 2019, the trial court granted Appellees' Motion to Compel Brochu's oral deposition. On August 15, 2019, the trial court denied Appellant's Motion for a Protective Order, which reiterated the court's Order concerning Brochu, and compelled Buzzanga's appearance at a deposition. This appeal followed.

Appellant raises four issues on appeal.

1. Whether the [t]rial [c]ourt erred in granting a motion to compel the deposition of in-house counsel when the party seeking to depose the attorneys failed to present the [t]rial [c]ourt with any basis for such an extraordinary discovery order[?]

2. Whether the [t]rial [c]ourt erred in denying a motion for protective order to prohibit the deposition of in-house counsel for a corporate party, where a protective order is required to safeguard the attorney-client privilege and information subject to protection under the work product doctrine[?]

3. Whether a party seeking to depose an attorney for an adverse party must demonstrate a compelling need for the testimony of the attorney and that the information sought from the

attorney is not otherwise available from a non-privileged source[?]

4. Whether [Appellee] failed to demonstrate any need for the testimony of []Appellant's in-house counsel, or that the information it sought from []Apppellant's lawyers could not be obtained from a non-privileged source[?]

Appellant's Brief at 7.

Each of Appellant's issues challenge the trial court's Orders based on an assertion of an attorney-client and work product privilege. However, before we address the merits of Appellant's claims, we must determine whether the trial court's Orders are appealable. **In re Miscin**, 885 A.2d 558, 560-61 (Pa. Super. 2005). "The question of the appealability of an order goes directly to the jurisdiction of the Court asked to review the order." **Moyer v. Gresh**, 904 A.2d 958, 963 (Pa. Super. 2006) (citation omitted).

Generally, "unless otherwise permitted by statute, only appeals from final orders are subject to appellate review." **Commonwealth v. Sartin**, 708 A.2d 121, 122 (Pa. Super. 1998) (citation omitted). In relevant part, Pennsylvania Rule of Appellate Procedure 341 defines a "final order" as any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).[1]

The discovery Orders at issue here are not final orders as they do not dispose of all claims and of all parties, nor are they appealable as of right

---

[1] Rule 341 also defines a "final order" as any order "entered as a final order pursuant to [Pa.R.A.P. 341(c)]." Pa.R.A.P. 341(b)(3).

pursuant to Pa.R.A.P. 311.[2]  Appellants did not ask for or receive permission to appeal the Orders pursuant to Pa.R.A.P. 312.[3]  Thus, the question before this Court is whether the Orders in this case are appealable under the collateral order doctrine.  *See* Pa.R.A.P. 313.

Pennsylvania Rule of Appellate Procedure 313 defines a collateral order as one that: "1) is separable from and collateral to the main cause of action; 2) involves a right too important to be denied review; and 3) presents a question that, if review is postponed until final judgment in the case, the claim will be irreparably lost." ***In re Bridgeport Fire Litigation***, 51 A.3d 224, 230 n.8 (Pa. Super. 2012) (citation omitted); Pa.R.A.P. 313(b). Our Supreme Court has emphasized that:

> the collateral order doctrine is a specialized, practical application of the general rule that only final orders are appealable as of right. Thus, Rule 313 must be interpreted narrowly, and the requirements for an appealable collateral order remain stringent in order to prevent undue corrosion of the final order rule.  To that end, each prong of the collateral order doctrine must be clearly present before an order may be considered collateral.

***Melvin v. Doe***, 836 A.2d 42, 46-47 (Pa. 2003) (internal citations omitted).

A discovery order is collateral and "separable" from the main cause of action if it is capable of review without considering the underlying merits of the case.  ***See Ben v. Schwartz***, 729 A.2d 547, 551-52 (Pa. 1999)

---

[2] Pa.R.A.P. 311 enumerates those kinds of orders that are, despite being interlocutory, appealable as of right. Pa.R.A.P. 311. Discovery orders are not included in the enumeration of orders recognized as interlocutory but appealable as of right.

[3] Pa.R.A.P. 312 provides for appeals from interlocutory orders by permission.

(concluding that the Bureau of Professional and Occupational Affairs' claims of privilege with respect to its investigative file were analytically separate from the underlying claim of dental malpractice). *See also Commonwealth v. Blystone*, 119 A.3d 306, 312 (Pa. 2015) (citation omitted) (stating that the claim raised in the interlocutory appeal must be "conceptually distinct from the merits of the plaintiff's claim").

The underlying litigation involves a property dispute over Appellant's alleged right to the use of two railroad crossings. The matter before this Court is whether Appellant's corporate employees—Brochu and Buzzanga—should be precluded from appearing at depositions because they are Appellant's in-house counsel and could potentially invoke the attorney-client and work product privileges. We conclude that we can address the current question without the need to analyze the central issue of the case. Therefore, this question is separable from the underlying cause of action, and Appellant has satisfied the first prong of the collateral order analysis.

We must next consider whether the question before us involves a right too important to be denied review. A right is too important to be denied review if it "involves rights deeply rooted in public policy going beyond the particular litigation at hand." *Jacksonian v. Temple Univ. Health Sys. Found.*, 862 A.2d 1275, 1280 (Pa. Super. 2004) (citation omitted). Often "[p]rivilege can be a right too important to be denied review." *Id.*

Appellant does not assert that, at this juncture, Appellee has sought any privileged information from Appellant's in-house counsel. Rather, Appellant

asserts that a blanket, prospective attorney-client privilege applies to both Brochu and Buzzanga because they obtained information about this matter through conversations with Appellant's employees in order to provide legal advice and guidance to Appellant in connection with this litigation. Appellant's Brief at 24. Essentially, Appellant argues that the attorney-client and work product privileges attach to Brochu and Buzzanga prospectively because there are no questions Appellee could ask them the answers to which would not be privileged. Additionally, Appellant represents that the trial court's Orders involve a right too important to be denied immediate review because: (1) Appellee did not indicate the topic or scope of testimony sought from them; (2) Appellee did not articulate a compelling need for information from them; and (3) Appellee did not seek the deposition of a corporate designee of Appellant who could testify to non-privileged facts. *Id.* at 25-26.

In denying Appellant's Motion for a Protective Order, the trial court opined as follows:

> [Appellant's] Motion for a Protective Order asks the [c]ourt to accept that blanket attorney-client privilege and work[]product protection exist due to a witness's status as a member of the legal profession. As noted in the [c]ourt's August 15, 2019 Order, [Appellant's] argument requires a clairvoyance by [Appellant's] counsel because it requires him to be able to discern all questions which will be asked by opposing counsel before any oral examination has taken place. This clairvoyance would also be needed to assess in advance each and every communication as explicitly protected by the attorney-client privilege or the work product doctrine without any advance knowledge of the questions being asked, or information being sought. Further, a blanket protective order shielding [Brochu and Buzzanga] potentially prohibits [Appellee] from asserting any alleged exceptions or

> waiver in the context of an oral discovery deposition and [from] potentially obtaining relevant, non-privileged information from these witnesses.
>
> [Appellant's] counsel, in their arguments, clearly has attempted to usurp the [c]ourt's function to decide privilege or protection as a question of law and attempts to make it a blanket privilege that can never be reviewed by this [c]ourt because, in the exercise of his clairvoyance, counsel has already decided the questions of law at issue with regard to attorney-client privilege and work product doctrine.

Trial Ct. Op., 11/12/19, at 10.

We agree with the trial court. Notwithstanding Appellant's assertion that the trial court's Orders are collateral, our review of the Orders indicate that they do not compel production of privileged information or documents.[4] Rather, they merely compel the appearance at a deposition of Appellant's corporate in-house counsel, from whom Appellee **may** ultimately seek to obtain non-privileged testimony and evidence. Appellant's challenge to the trial court's Orders compelling Appellant's in-house counsels' appearances at depositions fails to satisfy the second prong of the collateral order doctrine.

The final prong of the collateral order doctrine requires us to consider whether, if we postpone review of Appellant's privilege claim until final judgment in the case, the claim will be irreparably lost. We conclude that, because the court has not ordered Appellant's to produce any identifiably

---

[4] In fact, Appellant conceded the speculative nature of its privilege claims. **See** Notice of Appeal, 9/12/19 (describing the ordered depositions as "**risk**[**ing**] the discovery of confidential attorney-client communications and/or information that is protected from disclosure by the attorney work product doctrine.") (emphasis added).

privileged information, Appellant's premature claim will not be lost if we postpone review. Appellant will not lose the right to protect privileged information if we decline to review Appellant's claim now because Appellant has the opportunity to object to specific questions posed at Brochu's and Buzzanga's depositions, and can seek review of any future orders that actually compel production of purportedly privileged materials.

Accordingly, we conclude that this Court is without jurisdiction to review these Orders. We, thus, quash these appeals.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2020