J-A20009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: A.B., AN INCAPACITATED PERSON | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: V.B. | : : : : : : : : | |
| | : | No. 390 EDA 2022 |

Appeal from the Order Entered January 4, 2022
In the Court of Common Pleas of Monroe County Orphans' Court Division
at No(s): 2016-00009

BEFORE: STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED SEPTEMBER 16, 2022**

V.B. (Appellant) appeals from the orphans' court's January 4, 2022, order denying his petition for modification of the guardianship of his adult daughter, A.B. After careful review, we affirm.

The orphans' court summarized the facts and procedural history of this case, as follows:

> This matter came before the [c]ourt on a Petition for Modification of Guardianship filed by [Appellant], father of [A.B.] (D.O.B. 2/8/98), the incapacitated person. [Appellant] filed the Petition *pro se*, although he was later represented by counsel at [the] time of the hearing. The Petition filed by [Appellant] purported to seek medical information on the incapacitated person, in order to determine what medical insurance selection he would make through his retirement benefits, which also cover the incapacitated person. A hearing was scheduled and took place on December 20, 2021. In attendance were [M.B.], the mother and sole guardian of the person and estate of [A.B.], [Appellant], and Hillary Madden, Esquire, the [c]ourt-appointed counsel for [A.B.]

---

[*] Retired Senior Judge assigned to the Superior Court.

> Both [M.B.] and [Appellant] were also represented by counsel at the hearing.
>
> Several hearings were held in the past regarding this guardianship. For reasons set forth in prior Opinions and Orders of record in this case, [M.B.] has served as the sole plenary guardian of the person and estate of [A.B.]. The reasons were primarily due to the inability of [M.B.] and [Appellant] to agree on most matters, and A.B.'s desire to live primarily with [M.B.]. At prior hearings, the testimony was that A.B. did not want [Appellant] going with her to medical appointments, or participating in medical treatment for certain issues that [a]ffect women. [M.B.] also expressed[,] at the prior hearings, her perception that [Appellant] had control issues with regard to her, A.B., and decisions [a]ffecting A.B., including medical decisions. A schedule was issued in prior orders for [Appellant] to have periods of visitation with [A.B.], but all personal decisions [a]ffecting [A.B.] were to be made by her guardian, [M.B].

Orphans' Ct. Op., 3/7/22, at 1-2.

On January 4, 2022, the court entered an order (dated January 3, 2022) denying Appellant's request for modification of the guardianship of A.B. to permit him access to A.B.'s medical records. On January 26, 2022, Appellant filed a "Motion to Enter Order of January 3, 2022 As A Final Order[,]" which the court granted that same day. On January 28, 2022, Appellant filed a timely notice of appeal of the January 4, 2022, order, as made final by the order entered January 26, 2022.

On March 8, 2022, this Court issued a Rule to Show Cause order, directing Appellant to show cause why the court's January 4, 2022, order was final and appealable. We reasoned:

> The order of January 26, 2022 does not express a determination that an immediate appeal would facilitate resolution of the entire matter. Pa.R.A.P. 341(c) (stating trial court "may enter a final order as to one or more but fewer than all the claims

- 2 -

and parties only upon express determination that an immediate appeal would facilitate resolution of the entire case").

A review of the docketing statement reveals that Appellant states this order is appealable under Pa.R.A.P. 342 (allowing appeals to be taken as of right from certain orders of the Orphan[s'] Court Division). Appellant, however, has not stated which subsection of Rule 342 would apply to this appeal.

Order, 3/8/22, at 1.

On March 17, 2022, Appellant filed a response to our Rule to Show Cause order, stating:

This appeal is taken pursuant to Pa.R.A.P. 342(a)(5), "an Order determining the status of Fiduciaries, Beneficiaries or Creditors in an Estate, Trust or Guardianship." The comments to Rule 342 indicate Subdivisions (a)(1) to (7) list orders that are unique to Orphans' Court practice, but closely resemble final orders as defined in [Pa.R.A.P.] 341(b).[] The comments also state that Rule 341(a)(5) "resolves a conflict in prior appellate court decisions by stating definitively that an order removing or refusing to remove a fiduciary is an immediately appealable order."

This case does not involve the removal or refusing to remove a guardian, but it was a denial for the modification of a guardianship previously granted. As noted in the [orphans' c]ourt's Order of January [4], 2022, and the [orphans' c]ourt's subsequent Opinion pursuant to Pa.R.A.P. 1925(a) (of March 7, 2022), the issue of release of medical information of the incapacitated person and care the guardian has been providing has been raised before. There is a need to resolve this issue with finality so that the guardianship can continue properly and orderly.

With regard to Rule 341, entitled Final Orders; Generally, the Order of the [orphans' c]ourt disposed of the only claim before the [c]ourt and involved all parties, A.B., the incapacitated person; M.B., the guardian and mother of A.B.; and . . . Appellant, V.B., the father of A.B. The Order of this Court is correct that the Order of January 26, 2022, did not express a determination that an immediate appeal would facilitate resolution of the entire case, however under Rule 341(c), there were not more than one claim for relief sought. The [orphans' c]ourt was not entering an Order as to one or more, but fewer than all claims and parties. There was only one claim that involved the three parties. Appellant . . .

- 3 -

alleges that under Rule 341(b)(1) the instant Order is a Final Order as it disposes of all claims and of all parties.

Appellant's Response, 3/17/22, at 2 (emphasis omitted). On March 28, 2022, we discharged the Rule to Show Cause Order and notified the parties that the issue may be addressed by the panel assigned to the merits of this appeal.

Appellant thereafter filed his brief with this Court, setting forth the following four issues for our review:

I. The [orphans'] court erred in its order of November 22, 2021, wherein it ordered [Appellant] and M.B. to appear, but ordered that the incapacitated person, A.B., need not attend. A.B., although incapacitated, appeared at a prior hearing on March 28, 2018, and upon examination by the court, A.B. stated that she wanted to decide matters for herself. She said nothing about not wanting her father to have any medical information. At the March [of] 2018[] hearing, it was M.B. who stated her daughter, A.B., was uncomfortable with a man discussing hygiene problems. M.B. does not give [Appellant] details of medical treatment concerning their daughter, A.B.

II. The [orphans'] court erred and abused its discretion in allowing hearsay testimony and comments by counsel for the incapacitated person regarding A.B.'s wishes that [Appellant] receive no medical information regarding his daughter, A.B.

III. The [orphans'] court erred in giving more weight to the expressed wishes of A.B., the incapacitated person[,] than to the best interest of the incapacitated person as required by 20 Pa.C.S.[] §[]5521(a).

IV. The lower court erred in not allowing [Appellant] to have a medical authorization to have access to his daughter['s], A.B.[], medical records so that he could see that she is getting the care that is needed. The failure to allow access to medical information allows the guardian of the … person and the estate, the ex-spouse, to control all access to information to the exclusion of the father. The same is an abuse of discretion.

Appellant's Brief at 7-8 (some capitalization omitted).

Initially, "[a]s a prefatory matter, we must determine whether this appeal lies from a final order subject to our review[,]" as "the issue of appealability . . affects the Court's jurisdiction over the case." ***In re Miscin***, 885 A.2d 558, 560–61 (Pa. Super. 2005) (citations omitted).

> An appeal must be taken from a final order. A final order is defined as follows:
>
> **Rule 341. Final Orders; Generally**
>
> **(a) General rule.** Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.
>
> **(b) Definition of final order.** A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) any order that is expressly defined as a final order by statute; or
>
> (3) any order entered as a final order pursuant to subdivision (c) of this rule.
>
> \* \* \*
>
> Pa.R.A.P. 341. Thus, for purposes of the present case, an order is final and appealable if it disposes of all claims or if a statute expressly defines it as final. ***See id.***

***Id.*** at 561 (some internal citations omitted).

Instantly, we agree with Appellant that the court's order denying his petition to modify the guardianship is a final order under Rule 341(b)(1). The only claim before the court was Appellant's request that the guardianship of A.B. be modified to permit him to access her medical records. The court's January 4, 2022, order disposed of that claim and all parties to the petition to modify. In other words, there is no claim as to any party that remains

outstanding. Therefore, the order is final and appealable under Rule 341(b)(1), and we proceed to the merits of Appellant's issues.[1]

"Our standard of review is well-settled in cases involving [] an orphans' court decision." ***In re Estate of Cherwinski***, 856 A.2d 165, 167 (Pa. Super. 2004). As we have explained:

> The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support.
>
> This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the [o]rphans' [c]ourt's findings, our task is to ensure that the record is free from legal error and to determine if the [o]rphans' [c]ourt's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence. However, we are not limited when we review the legal conclusions that [o]rphans' [c]ourt has derived from those facts.

***In re Estate of Schultheis***, 747 A.2d 918, 922 (Pa. Super. 2000) (citation omitted).

Here, Appellant first contends that the orphans' court erred when it ordered that A.B. did not need to attend the hearing on Appellant's petition to modify the guardianship. ***See*** Appellant's Brief at 18. According to Appellant, nothing in A.B.'s testimony at prior hearings in this case indicated that she did not want Appellant having access to her medical information. ***See id.***

---

[1] In light of our decision, we need not address Appellant's argument that the order is final and appealable under Pa.R.A.P. 342(a)(5).

Therefore, he argues that it was vital for A.B. to testify at the present hearing, and the court erred by ordering that her presence was not necessary. *Id.* at 20.

In rejecting this argument, the orphans' court first observed that Appellant's petition for modification of the guardianship "only sought relief for access to certain medical records to be used for insurance coverage for A.B.[,]" and, thus, "it did not appear that A.B.'s attendance would have had any relevance to the matter in question." Orphans' Ct. Op. at 4. The court also stressed that because there was "an increased COVID-19 outbreak . . . going on in Monroe County in late November 2021 and throughout December 2021, it was prudent to keep people out of the courthouse unless absolutely necessary, especially individuals with underlying medical conditions." *Id.* Thus, the court concluded that it did not abuse its discretion in ordering that A.B. need not attend the hearing on Appellant's petition to modify the guardianship.

The record supports the court's decision. In his petition to modify the guardianship, Appellant only claimed that he needed A.B.'s medical records for insurance purposes. *See* Motion for all Medical Information, 11/16/21, at 1-2 (unpaginated). Therefore, the court did not abuse its discretion in concluding that A.B.'s testimony would not be relevant or necessary. Notably, Appellant "never sought reconsideration for A.B. to attend. . . ." Orphans' Ct. Op. at 4. Additionally, while Appellant correctly points out that he testified *at the hearing* that his "purpose was not just for insurance purposes, but so he

would know what is going on with his daughter," he did not make this claim in his original petition, which was the basis for the court's decision that A.B.'s testimony was not necessary. Appellant's Brief at 19, *citing* N.T. Hearing, 12/20/21, at 23. Moreover, as the court pointed out, Appellant never "requested the record remain open for A.B. to appear at a later date or by alternative means[,]" such as at a "Zoom hearing" that Appellant now contends the court should have considered to avoid any COVID-19 risks. Orphans' Ct. Op. at 4. For these reasons, Appellant has not convinced us that the court abused its discretion in ordering that A.B. did not have to attend the hearing on his petition to modify the guardianship.

Next, Appellant avers that the orphans' court abused its discretion by allowing "hearsay comments" by A.B.'s counsel at the end of the hearing, at which time counsel informed the court "that A.B. did not want medical information disclosed to her father, [Appellant]." Appellant's Brief at 22. Appellant insists that counsel's remarks were "certainly offered to prove the truth of the matter" and, thus, they constituted impermissible hearsay that did "not fit with[in] any of the exceptions to the rule against hearsay pursuant to Pa.R.E. 803." *Id.* at 22-23. He further contends that the court not only erred in permitting counsel to make these comments regarding A.B.'s wishes, but also in relying on those remarks "as part of the reason for denying [Appellant] access to medical information" about A.B. *Id.* at 23.

In rejecting this argument, the orphans' court explained:

Attorney Madden was court-appointed to represent A.B. as her attorney. She spoke to A.B. to ascertain her position regarding the issues raised in the Petition. Attorney Madden expressed [A.B.'s] position [opposing Appellant's request for medical information about A.B] at the hearing. It was not taken as testimony, so it is not hearsay. Rather, it was the expressed position of A.B. Although A.B. was not there, we have no reason to doubt that Attorney Madden, as an officer of the court, spoke to A.B. and adequately expressed A.B.'s position to the [c]ourt as known to her. [The orphans' court's o]rder [entered on] January [4], 2022[,] indicated what Attorney Madden represented as A.B.'s position: that she does not want [Appellant] to know about her medical information and care.

Orphans' Ct. Op. at 4.

We discern no abuse of discretion by the court in accepting, and considering, Attorney Madden's statement as to A.B.'s position on disclosing her medical records to Appellant. As Appellant recognizes,[2] 20 Pa.C.S. § 5521(e) directs:

In a hearing to determine whether a guardian shall be ordered to consent to a specific act or omission, if the guardian knows or has reason to know of the incapacitated person's objection to the action or omission, whether such objection had been expressed prior or subsequent to the determination of incapacity, the guardian shall report to the court such knowledge or information.

Although it was A.B.'s counsel — and not her guardian, M.B. — who expressed to the court A.B.'s objection to Appellant's accessing her medical records, we discern no reversible error under section 5521(e). Contrary to Appellant's argument, counsel's statement was not "admitted into evidence." Appellant's Brief at 23. Instead, Attorney Madden reported A.B.'s wishes to the court during argument at the close of the hearing, and the court properly considered

_____

[2] *See* Appellant's Brief at 21.

A.B.'s objection to permitting Appellant access to her medical records in ruling on Appellant's request for that information. No relief is due.

In Appellant's third issue, he insists that the orphans' court gave disproportionate weight to A.B.'s wish that Appellant not be given access to her medical records, and that the court did not properly consider what was in A.B.'s best interest as required by 20 Pa.C.S. § 5521(a). *See* Appellant's Brief at 24. That provision states, in part, that "[i]t shall be the duty of the guardian of the person to assert the rights and best interests of the incapacitated person." 20 Pa.C.S. § 5521(a). However, Section 5521(a) also directs that the "[e]xpressed wishes and preferences of the incapacitated person shall be respected to the greatest possible extent." *Id.* Nevertheless, Appellant contends that the court erred by placing too much weight on A.B.'s wishes and not enough on her best interests. According to Appellant, his having access to A.B.'s medical records was in her best interests so he could choose "the best [insurance] program for all her healthcare needs and costs" and to "acquire a long-term healthcare policy to provide for A.B.'s care as she grows older." Appellant's Brief at 25. Thus, he contends that the court erred by denying his request for A.B.'s medical records.

In responding to this claim, the court stated:

The third issue raised in [Appellant's c]oncise [s]tatement is that the . . . court erred by giving more weight to the expressed wishes of A.B. than to A.B.'s best interests. The [c]oncise [s]tatement references 20 Pa.C.S.[] [§] 5521(a), which relates to the duties of the guardian to act in the incapacitated person's best interests, but we agree generally that the standard of review in a guardianship is the best interests of the incapacitated person. The

expressed position of the incapacitated person was taken into account by the [c]ourt. This is also a factor to be considered.

\* \* \*

However, as noted herein, there was no convincing evidence that it was in A.B.'s best interest that [Appellant] receive her medical records. There was no evidence that the guardian was deficient in providing care, or that A.B.'s safety has been or will be in jeopardy, or that any waste to A.B.'s estate is taking place that needs to be monitored by [Appellant]. Rather, [Appellant] wants to know more about the care of A.B. without credible or convincing evidence why that was necessary, as set forth in our Order of January [4], 2022. [Appellant] wants to know of medical treatment as A.B.'s father, and to monitor the guardian's care and decisions. But, there was no reason to do so. The best interests of A.B. were considered in the January [4], 2022 Order, as supported by the testimony at the time of the hearing, as were A.B.'s wishes and preferences asserted through her legal counsel.

Orphans' Ct. Op. at 4-5.

Again, we discern no abuse of discretion in the court's decision. The court clearly weighed both requisite factors — A.B.'s expressed wishes and her best interests. It accepted her counsel's statement that A.B. does not want her records disclosed to Appellant, and it found no credible evidence to demonstrate that it was in A.B.'s best interests to contradict her wishes and provide that information to him. Thus, the court did not err.

Finally, in Appellant's fourth issue, he essentially reiterates many of the same arguments set forth in his first three claims. *See* Appellant's Brief at 26-27. Namely, he again argues that he should have access to A.B.'s medical records to ensure that she has the best insurance coverage possible. He repeats that A.B.'s alleged wish that he not have access to these records was impermissibly considered by the court through hearsay comments of her

- 11 -

counsel. Appellant also insists that the court erred by concluding that his request for A.B.'s medical records was "a back-door [way] for him to assert his own control or act in a co-guardian capacity…." Appellant's Brief at 26. Rather, Appellant contends that A.B.'s best interests require that he be given access to her medical information. Therefore, he concludes that the court erred by denying his request for access to those records.

We need not reiterate our discussion of why Appellant's arguments are meritless. Simply put, although A.B. is an incapacitated person, she is an adult who is capable of deciding whether to disclose her medical information to her father. As counsel for A.B. pointed out at the oral argument in this case, nothing precludes Appellant from simply asking A.B. about her medical diagnosis and/or treatment. However, A.B. expressed to the court, through her counsel at the hearing, that she does not want Appellant to have access to her medical records. Appellant presented no credible or compelling evidence that it is in A.B.'s best interests to disregard her wishes. Therefore, we discern no abuse of the court's discretion in denying Appellant's petition to modify the guardianship to provide him access to that information.[3]

_____

[3] On July 21, 2022, Appellant filed with this Court an "Application for Relief Pursuant to Pa.R.A.P. 123" in which he asked this Court to strike "Appellees' Briefs and consideration by this Court of any reference to the prior hearing of March 28, 2018, wherein [A.B.] alleged[ly] expressed a preference as to her wishes with regard to medical information." Application for Relief, 7/21/22, at 2 ¶ 9 (unnumbered). Appellant asserted that any reference to A.B.'s preferences should be stricken from our consideration of his appeal because they "were hearsay" and the transcript of the March 28, 2018, hearing was
*(Footnote Continued Next Page)*

Order affirmed.  Application for Relief Pursuant to Pa.R.A.P. 123 denied.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2022

---

never entered into evidence at the December 20, 2021, hearing on his petition for modification of the guardianship.  *Id.* at 3 (unnumbered).  For the reasons set forth *supra*, we conclude that the court properly considered Attorney Madden's statement of A.B.'s position regarding her medical records, which did not constitute hearsay evidence.  Additionally, we did not review or rely on the transcripts of the March 28, 2018, hearing in assessing Appellant's issues in this case.  Accordingly, we deny his "Application for Relief Pursuant to Pa.R.A.P. 123."